RALPH A. LOMBARDI (State Bar No. 048217)
LORI A. SEBRANSKY (State Bar No. 125211)
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
TEL: (510) 433-2600
FAX: (510) 433-2699

Attorneys for Plaintiff JOSEPH HARBISON, III dba
JOSEPH F. HARBISON, III & ASSOCIATES


WAYNE B. LITTLEFIELD (State Bar No. 69132)
LAURA K. KIM (State Bar No. 197944)
MUSICK, PEELER & GARRETT, LLP
1 Wilshire Blvd., Suite 2000
Los Angeles, California 90245
TEL: (213) 629-7781
FAX: (213) 624-1376

Attorneys For Defendant
AMERICAN MOTORISTS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. HARBISON, III dba JOSEPH F. HARBISON, III & ASSOCIATES,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN MOTORISTS INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. 2:04-cv-2542 FCD JFM<br><br>STIPULATION FOR PROTECTIVE ORDER AND ORDER<br><br>TRIAL DATE: October 27, 2009 |

WHEREAS plaintiff has asserted certain claims against defendant AMERICAN

MOTORISTS INSURANCE COMPANY alleging the Company breached the implied covenant

1

1 | of good faith and fair dealing when it denied plaintiff's tender of defense in respect of the
2 | underlying *Olsen v. Harbison* action;

WHEREAS the parties recognize the right of defendant to seek discovery of relevant information from plaintiff in connection with said claims; and

WHEREAS the parties also recognize plaintiff's legitimate interest in avoiding the dissemination of private, confidential information outside the litigation; and

WHEREAS the parties desire to allow defendant to conduct appropriate discovery and, at the same time, protect plaintiff's legitimate privacy interests:

NOW, THEREFORE, AND IN CONSIDERATION OF THE FOREGOING, the parties hereto, by and through their respective counsel, hereby stipulate and agree as follows:

1. Any and all answers to interrogatories served, or documents, materials or information produced, either formally or informally, by plaintiff HARBISON which contain "non-public" information (particularly financial and proprietary information) or constitute non-public[1] documents shall not be deemed maters of public record, but rather such answers, documents, materials and information shall be made available only to counsel, employees of the law firms that are counsel of record, court reporters engaged for depositions, those persons, if any, specifically engaged for the limited purpose of making photocopies of documents, investigators, consultants and/or experts for use solely for preparation or litigation in this action.

2. The answers, documents, materials and information referred to above, as well as the information therein contained, shall not be copied, distributed, or otherwise disseminated by counsel, employees of the law firms that are counsel of record, court reporters engaged for depositions, those persons, if any, specifically engaged for the limited purpose of making photocopies of documents, investigators, consultants and/or experts to any person or firm not

/////

---

[1] For purposes of this Stipulation for Protective Order the term "non-public" shall mean financial information, trade secrets or other confidential information of a proprietary nature.

directly involved in this action for use outside this action without a prior order of court obtained either by written stipulation or upon the hearing of a noticed motion.

3. Employees of the law firms that are counsel of record, court reporters engaged for depositions, those persons specifically engaged for the limited purpose of making photocopies of documents, investigators, consultants and/or experts to whom such documents, materials or information are intended to be presented shall be both advised of, and shown or given a copy of, the protective order and agree to be bound by the provisions hereof.

4. All transcripts, depositions, exhibits, answers to interrogatories, responses to requests for documents or other documents made, taken or filed with the Court during the pre-trial discovery in this action, which contain or otherwise set forth confidential documents, materials or information which have been provided under the terms of the protective order, shall likewise be subject to the terms of the Order. Any such transcripts, depositions, exhibits, pleadings or other such documents containing such non-public information which are filed with the Court shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the action, an indication of the nature of the contents of such sealed envelope or container bearing the word "CONFIDENTIAL" and a statement substantially stating that the envelope or container is not to be opened nor the contents thereof to be displayed or revealed, except by express further written Order of Court.

5. At the conclusion of the litigation against AMERICAN MOTORISTS, employees of the law firms that are counsel of record, court reporters engaged for depositions, those persons, if any, specifically engaged for the limited purpose of making photocopies of documents, investigators, consultants and/or experts shall either return to counsel for HARBISON all original documents, materials, or information (including all copies thereof) produced by HARBISON which have been marked "CONFIDENTIAL", "PROPRIETARY", or "RESTRICTED DOCUMENTS PER COURT ORDER," or shall provide counsel for HARBISON with a written verification that all such documents have been destroyed.

6. HARBISON shall identify and clearly mark with the legend "CONFIDENTIAL," "PROPRIETARY," "RESTRICTED DOCUMENTS PER COURT ORDER" or similar legend those answers, documents, materials or information which they deem to be non-public in nature and to come within the provisions of the stipulated protective order at the time such answers, documents, materials or information are furnished, subject to specific review by the Court on motion by any party.

7. Nothing in the stipulated protective order shall prohibit the dissemination or use by any person of any material, testimony or information which is used at trial and is part of the record, and such material, testimony or information may be disseminated or used by any person unless it is the subject of a specific protective order entered during the course of trial.

8. This Stipulation for Protective Order shall be subject to review by the court upon application by any party upon the showing of good cause.

DATED: April 13, 2009.   LOMBARDI, LOPER & CONANT, LLP


By: /s/ Lori A. Sebransky
    LORI SEBRANSKY
    Attorneys for Plaintiff


MUSICK, PEELER & GARRETT, LLP

DATED: April 9, 2009.


By: /s/ Laura K. Kim
    LAURA K. KIM
    Attorneys for Defendant

/////
/////
/////

ORDER ON STIPULATION

The Court, having read and considered the Stipulation of the parties, and good cause appearing, IT IS SO ORDERED.

DATED: April 23, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/harbison.po